IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FIDELITY AND DEPOSIT COMPANY OF MARYLAND and ZURICH AMERICAN INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>SHEEHAN FAMILY, LLC, et al.,<br><br>Defendants.<br><br>vs.<br><br>GEORGE THOMPSON, et al.,<br><br>Third-Party Defendants. | Case No. 16-CV-270-GKF-FHM |

## **OPINION AND ORDER**

The Reiss Defendants' Motion to Compel Production of Documents From Plaintiffs, [Dkt. 80], is before the undersigned United States Magistrate Judge for decision. Plaintiffs have filed a response brief. [Dkt. 107]. The time for filing a reply brief has expired and no reply brief was filed. The matter is ripe for decision.

The Reiss Defendants assert that three categories of documents were identified during the deposition of David McVicker: hand written notes taken during telephone conversations; an original ink-signed copy of a general indemnity agreement bearing the signatures of Robert Reiss or Rebecca Reiss; and a broker agreement between Plaintiff Zurich American Insurance Company and Third-Party Defendant Alliant Insurance Services Inc. They assert that these documents are directly relevant to the case and that Plaintiffs should be compelled to produce the documents. The Reiss Defendants contend that the documents are responsive to their Request for Production of Documents Nos. 2 and 4.

Plaintiffs assert that none of the documents that are the subject of this motion are responsive to the Requests for Production of Documents. The court agrees.

Request for Production No. 2 asks for:

> All written and electronic communications by and between Plaintiff and Sheehan Pipe Line Construction Company related to the underwriting process for the bonds issued by Zurich and/or the General Indemnity Agreement ("GIA") executed January 30, 2015, and/or the proposed Rider to the GIA.

[Dkt. 107-1, p. 4]. Request for Production No. 4 requests:

> All written and electronic communications by and between Plaintiff and George Thompson related to the underwriting process for the bonds issued by Zurich and or the General Indemnity Agreement executed January 30, 2015, or the proposed Rider.

[Dkt. 107-1, p. 5]. The Reiss Defendants asked for production of communications and their discovery request defined what they meant by communications: "Communicate" and "Communication" shall mean every manner or means of disclosure or transfer or exchange of information whether orally, by document or otherwise." [Dkt. 107-1, p. 3]. The documents the Reiss Defendants now seek are not communications and thus are not responsive to the discovery requests. The Plaintiffs will not be ordered to produce documents that are not responsive to the discovery requests.[1]

The Reiss Defendants' Motion to Compel Production of Documents From Plaintiffs, [Dkt. 80], is DENIED.

SO ORDERED this 8th day of March, 2018.

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE

---

[1] The Reiss Defendants' letter to Plaintiffs requesting the subject documents referred to Request for Production Nos 2 and 5, whereas the instant motion refers to Nos 2 and 4. The court notes that Request No. 5 also requests "communications." [Dkt. 107-1, p. 5].

2